UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENNIS DANTZLER,           )
                              )
           Petitioner,    )    Case No. 1:05-cv-282
                              )
v.                        )    Honorable Robert Holmes Bell
                              )
MARY BERGHUIS,         )
                              )    **REPORT AND RECOMMENDATION**
           Respondent.  )
_____)

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may sua sponte dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Dennis Dantzler presently is incarcerated with the Michigan Department of Corrections and housed at the West Shoreline Correctional Facility. He currently is serving a term of 10 to 30 years, imposed by the Oakland County Circuit Court after Petitioner pleaded *nolo contendere* to one count of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and being a fourth habitual offender, MICH. COMP. LAWS § 769.12.

Petitioner was found guilty of the offense on December 7, 1990. After Petitioner was found guilty in the Michigan courts, it appears that Petitioner was in the custody of the State of Indiana for a period of several years. He therefore never was sentenced on the Michigan conviction until November 19, 1998.

After sentencing, Petitioner appealed his conviction to the Michigan Court of Appeals, claiming that the sentencing guidelines were mis-scored and that his sentence was disproportionate to the offense. In an unpublished opinion issued July 7, 2000, the court of appeals affirmed.[1] Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave on February 8, 2001.

In the instant petition, filed April 14, 2005, Petitioner raises two claims not previously raised in the state courts: (1) ineffective assistance of sentencing counsel, and (2) ineffective assistance of appellate counsel.

---

[1]In rejecting Petitioner's claim that his sentence was disproportionate, the court of appeals specifically noted that the sentencing court had given petitioner credit of 5½ years to reflect the time he was incarcerated in Indiana after the entry of his plea and before his sentencing in Michigan.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA").  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

_____

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the petition, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on January 30, 2001. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, April 30, 2001.

Petitioner therefore had one year from April 30, 2001, to file his habeas application. Petitioner filed on April 15, 2005. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, ___ S. Ct. ___, 2005 WL 957194, at *6 (April 27, 2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of

establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner argues in his petition that he should be entitled to equitable tolling, but he fails to allege any facts or circumstances that would warrant its application in this case. Petitioner argues that he was held in custody in Indiana on his original November 7, 1991 sentencing date, which he suggests adversely affected his ultimate sentencing in some fashion. Petitioner also suggests that the attorney appointed to represent him at sentencing failed to challenge the legality of the procedure under which he was sentenced several years after the date on which he was found guilty of the offense. Both of Petitioner's suggested bases for granting equitable tolling rest on occurrences preceding the date his conviction became final in the state courts, April 30, 2001. Neither provides a basis for tolling the statute of limitations that began to run on that date. Petitioner's arguments therefore fail to demonstrate either that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way. *Pace*, 2005 WL 957194, at *6; *Irwin*, 498 U.S. at 96. Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930.  This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Dated:   May 10, 2005                              /s/  Joseph G. Scoville
                                                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).