UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS DANTZLER,

      Petitioner,

                                          Case No.  1:05-CV-282

v.

                                          HON. ROBERT HOLMES BELL

MARY BERGHUIS,

      Respondent.
_____/

**ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

      This matter is before the Court on Petitioner Dennis Dantzler's objections to Magistrate Judge Joseph G. Scoville's May 10, 2005 Report and Recommendation ("R&R"), recommending that Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus be summarily denied because it is barred by the one year statute of limitations.  The R&R was duly served on the parties.  Petitioner filed objections to the R&R on May 17, 2005.

      This Court is required to make a *de novo* review upon the record of those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been made.  28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b).

      Petitioner's objection is based upon his contention that he is entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because he was denied counsel at sentencing.

      Petitioner's argument involves the merits of his habeas petition, and is not responsive to the Magistrate Judge's determination that the habeas action is time-barred under 28 U.S.C.

§ 2244(d). Before this Court may consider Petitioner's arguments on the merits of his habeas action, the Court must first be satisfied that the petition was filed within the one-year limitation period.

Petitioner's assertion that 28 U.S.C. § 2241 is applicable rather than 28 U.S.C. § 2244(d) is without merit. 28 U.S.C. § 2241 deals with the power to grant the writ of habeas corpus, while 28 U.S.C. § 2244(d) establishes a statute of limitations after which habeas relief cannot be sought. These sections are not alternative methods under which habeas corpus proceedings are brought. Instead, both of these code sections are relevant in the proper application of the writ of habeas corpus.

The Magistrate Judge properly concluded that Petitioner's application for writ of habeas corpus is time-barred because Petitioner failed to file his habeas application within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Upon due consideration of Petitioner's objections the Court hereby **ORDERS** that:

1. The May 10, 2005, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

2. Petitioner's request for habeas relief is **DENIED**.

Date:     June 2, 2005            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE